**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AYISHA ELLIOTT, AKA Ayisha Brown; QUINTON RICHARDSON-BROWN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF EUGENE; et al., <br><br> Defendants-Appellees. | No.   17-35921 <br><br> D.C. No. 6:16-cv-00022-MC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted December 10, 2019[**]
Seattle, Washington

Before:  McKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

Ayisha Elliott appeals the district court's grant of summary judgment in favor of defendants-appellees on her claims for unlawful arrest and violation of equal protection. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

We review de novo a grant of summary judgment. *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1409 (9th Cir. 1987).

An officer can make an arrest without a warrant after observing criminal conduct, "even if the pertinent offense carries only a minor penalty." *Tatum v. City and Cty. of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006). Elliott was arrested for interfering with a police officer, pursuant to Oregon Revised Statute § 162.247, which states that a person is guilty of interfering with a police officer by "refus[ing] to obey a lawful order by the peace officer." Elliott argues that a jury should have determined if there was probable cause to arrest her, but admitted in her own deposition that she did not comply with the officer's orders. The district court correctly granted summary judgment. Even if probable cause did not exist, the officers would still be entitled to qualified immunity. *See Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

In granting summary judgment on Elliott's equal protection claim, the district court noted Elliott had "not presented any evidence" of racial bias, other than the fact that the defendants were of "a different race." On appeal, Elliott

argues that there is "abundant circumstantial evidence" of racial bias, but only provides a recitation of actions the police took during the encounter, none of which implicate a racial motive. As "conclusory statements of bias do not carry the nonmoving party's burden in opposition to a motion for summary judgment," *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005), this claim fails, as well.

**AFFIRMED.**